IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
VIRGILIO MALLEN-LUNA,                : CASE NO.  1:05 CV 02431
                                                            :
                           Petitioner,    :
                                                            : MEMORANDUM OF OPINION AND
             -vs-                            : ORDER DENYING PETITIONER
                                                            : RELIEF UNDER 28 U.S.C. § 2255
                                                            : AND 18 U.S.C. § 3582(c)(2).
UNITED STATES OF AMERICA,   :
                                                            :
                           Respondent.  :
---------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS


Pursuant to a written Plea Agreement ("Agreement"), petitioner Virgilio Mallen-Luna ("Mr. Mallen-Luna" or "petitioner") entered a plea of guilty on 2 March 2005 to a one count Indictment charging him with illegal re-entry into the United States without permission following deportation, in violation of 8 U.S.C. § 1326.  The Agreement stated the petitioner understood he would be deported from the United States at the

completion of his sentence. The Court sentenced Mr. Mallen-Luna to a term of 38 months imprisonment to be followed by two years of supervised release.[1]

The petitioner now seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). (Doc. 1). Respondent filed an answer to Mr. Mallen-Luna's petition (Doc. 5), to which the petitioner replied. (Doc. 7). The issue is now ripe for consideration.

For the reasons set forth below, Mr. Mallen-Luna's petition for relief under both section 2255 and section 3582 will be denied.

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The movant has the burden of establishing any claim asserted in the petition. See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir.1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S.

---

[1] The record evidence indicates that Mr. Mallen-Luna was deported previously for engaging in cocaine trafficking, an aggravated felony which brought him within the ambit of 8 U.S.C. 1362(b)(2) setting a statutory sentencing ceiling of not more than 20 years imprisonment. Prior to sentencing, his counsel filed a brief in opposition to the pre-sentence investigation report's (PSR) recommendation, predicating an argument for departure on Booker and section 3553 considerations. Pursuant to the PSR, the petitioner's total offense level at sentencing was 21, with acceptance of responsibility, and, with a criminal history category of III, his range of imprisonment was between 41 and 51 months. The Court departed from that range in sentencing Mr. Mallen-Luna to 38 months imprisonment.

619, 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir.1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir.2001), cert. denied, 535 U.S. 967.

All of Mr. Mallen-Luna's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

3

Id. 466 U.S. at 687. As with any other claim under § 2255 , the burden of proving ineffective assistance of counsel is on the petitioner. Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir.1985).

Mr. Mallen-Luna maintains he should have received a 4-level reduction in his total offense level because he agreed to waive deportation prior to sentencing. The petitioner also argues that his base level offense enhancements violated Booker and its progeny. These two putative sentencing errors, Mr. Mallen-Luna suggests, arose due to the ineffective assistance of counsel he received from the assigned Federal Public Defender.

The Court finds that Mr. Mallen-Luna's petition for relief under section 2255 is without merit. Pursuant to the standards laid down in Strickland, the petitioner has not shown that his counsel's performance was prejudicial in depriving him of a fair trial. Strickland v. Washington, 466 U.S. at 687. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In this instance, the Court does not find that Mr. Mallen-Luna's "counsel's representation fell below an objective standard of reasonableness," Id. at 687-88, when counsel failed to advise the petitioner that he could obtain a 4-level reduction for waiving deportation prior to sentencing. The record evidence makes clear that, consistent with its policy, the United States did not make a 4-level reduction available to Mr. Mallen-Luna. Consequently, the fact that petitioner's counsel did not advise him that he could obtain a 4-level reduction had no effect on the judgment. Accordingly, Mr. Mallen-Luna's claim that he received ineffective assistance of counsel fails.

Further, Mr. Mallen-Luna's reliance upon Booker in his section 2255 petition is misplaced. The Sixth Circuit has specifically determined that Booker does not apply in collateral proceedings, such as the instant matter. See Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). Accordingly, as a substantive matter, the petitioner's collateral claim lacks merit.

Mr. Malen-Luna also seeks collateral relief pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the court to modify a person's sentence if the guideline under which the person was sentenced is lowered by the Sentencing Commission after he or she is sentenced.[2]

However, Mr. Mallen-Luna does not claim the Sentencing Commission has amended the guidelines so as to lower his applicable sentencing range. Accordingly, his pursuit for relief under section 3583(c)(2) fails.

Even if Mr. Mallen-Luna had referred to the applicable amendment of the Guidelines in his petition, relief under section 3582 would fail. In this instance, effective 1 November 2001, the Sentencing Commission did amend the Sentencing Guidelines as they pertained to 8 U.S.C. § 1325(a), under which Mr. Mallen-Luna was sentenced. See United States Sentencing Guidelines § L1.2 , Amendment 632, 2 U.S.S.G. App. C 216-19. However, the effective date of Amendment 632 was well before the petitioner was sentenced. As such, Mr. Mallen-Luna cannot argue, as he must, that he was

---

[2]Section 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994( o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

"sentenced to a term of imprisonment ... that has subsequently been lowered by the Sentencing Commission." 18 U.S. § 3582(c)(2). To the extent the petitioner's motion might be construed to argue that this Court erred in its application of the Guidelines, he requests relief not afforded by the statute invoked.

Accordingly, for the reasons set forth above, petitioner Virgilio Mallen-Luna's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and for relief pursuant to 18 U.S.C. § 3582(c)(2), is denied.

IT IS SO ORDERED.

                                                /s/Lesley Wells
                                     UNITED STATES DISTRICT JUDGE